(51 Misc. Rep. 663.)

BONAGUR v. ORLANDI.

(Supreme Court, Appellate Term. November 14, 1906.)

COURTS—MUNICIPAL COURT—TRANSFER OF CAUSE TO CITY COURT—APPEALABLE ORDER.

An order removing the cause from the Municipal Court to the City Court for trial is not appealable.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Antonio Bonagur against Giulio Orlandi. From an order, plaintiff appeals. Dismissed.

Argued before GILDERSLEEVE, DUGRO, and DOWLING, JJ.

Appeal dismissed, with $10 costs. All concur.

---

(51 Misc. Rep. 582.)

BONAGUR v. ORLANDI.

(Supreme Court, Appellate Term. November 14, 1906.)

STATUTES—TITLE—LOCAL ACTS.

Laws 1904, p. 1429, c. 598, § 1, repealing Municipal Court Act, Laws 1902, p. 1490, c. 580, § 3, granting the right of removal of a cause from the Municipal Court to the City Court of New York, contravenes Const. art. 3, § 16, providing that no local bill shall embrace more than one subject, and that shall be embraced in the title; the title being "An act to amend the Municipal Court act of [said] city with reference to rules of court and appeals."

Appeal from City Court of New York.

Action by Antonio Bonagur against Giulio Orlandi. From an order, defendant appeals. Reversed.

Argued before GILDERSLEEVE, DUGRO, and DOWLING, JJ.

Charles H. Stoddard, for appellant.
Menken Bros. (Mortimer M. Menken, of counsel), for respondent.

DOWLING, J. This is an appeal from an order of the City Court of the City of New York remanding this action to the Municipal Court of the City of New York, Borough of Manhattan, Ninth District, for trial, and directing the clerk of said City Court to transmit all the papers in the action now on file in his office to the clerk of said Municipal Court.

The action was commenced in said Municipal Court by the service of a summons and complaint. Defendant appeared by attorney and demurred to the complaint. Upon said demurrer being overruled, defendant filed an answer and at the same time submitted an under- taking in due form and applied for an order removing the cause to the City Court of New York, in accordance with 'the provisions of section 3 of the Municipal Court act (Laws 1902, p. 1490, c. 580). The application was opposed by plaintiff upon the ground that said section had been repealed by chapter 598, p. 1429, Laws of 1904. De- fendant claimed that said last-mentioned act was unconstitutional and void. After considering the questions involved, the justice granted the order of removal, and the papers in the action were transmitted to the City Court. Thereafter plaintiff applied to the City Court for an order remanding said action to the Municipal Court, which order was granted, and this appeal is taken therefrom. The question involved in this appeal is whether section 3 of the Municipal Court act of the city of New York is still in force. Section 3 of the Municipal Court act of the city of New York, which is chapter 580, p. 1490, of the Laws of 1902, provided as follows:

"Sec. 3. Removal.—In an action specified in the last section but one, ex- cepting subdivisions four and five, where the damages claimed or the val- ue of the chattel, or all the chattels claimed, as stated in the complaint, exceeds two hundred and fifty dollars, the defendant may, after issue is joined and before an adjournment has been granted upon his application, apply to the justice holding court in the district in which the action is brought for an order removing the action, and if it be in the Second district of the borough of the Bronx, or in any district of the borough of Manhattan, to the City Court of the City of New York, if in any other district into the County Court of the county wherein the district is situated, if the said Coun- ty Court has jurisdiction of such action, otherwise into the Supreme Court in such county. Such an order must be granted upon the defendant's filing with the clerk an undertaking approved by the court, in a sum not less than twice the amount of the damages claimed or twice the value of the chattel or of all the chattels claimed, as stated in the complaint, with one or more sureties, to the effect that the defendant will pay to the plaintiff the amount of any judg- ment that may be recovered against him in the court to which such action shall be removed. From the time of granting the order, the City Court or County Court or Supreme Court, as the case may be, has cognizance of the action, and the clerk of the court must forthwith deliver to the clerk of such court to which the action shall be removed all process, pleadings and other papers in the action, and certified copies of all minutes, entries and orders relating thereto, which must be filed, entered or recorded, as the case requires, in the latter's office. Where there are two or more defendants to an action all of the defendants must unite in the application. But the court in the district in which the action is brought, if satisfied from all the circumstances of the case, by competent proof either by affidavit or the examination of witnesses that the defendants, other than the one making the application, have been named as defendants, solely for the purpose of preventing the removal, may, notwith- standing the failure of defendants to unite, grant the application for removal."

Under the provisions of this section of the Municipal Court act, upon the application of the defendant, as therein provided for, the court had power to remove, and must exercise it. But in the year 1904 the Municipal Court act of the city of New York was amended by chapter 598, p. 1429, of the Laws of that year. Chapter 598, p. 1429, of the Laws of 1904, reads as follows:

"An act to amend the Municipal Court act of the city of New York with ref-
erence to rules of court and appeals.

"Accepted by the City.

"Became a law May 4, 1904, with the approval of the Governor.  Passed,
three-fifths being present.

"The people of the state of New York, represented in Senate and Assembly,
do enact as follows:

"Section 1.   Section three of the Municipal Court act of the city of New
York is hereby repealed, but the repeal of such section, shall not affect the
prosecution of any action heretofore removed from said Municipal Court of the
city of New York pursuant to the provisions of such section, and all proceed-
ings in such actions shall be continued as though said section were still in
force and effect.

"Sec. 2. Section twelve of said act is hereby amended by adding thereto a
new subdivision to be known as subdivision seven and to read as follows:

"7. As to the justices who shall hold sessions of said court in each of the
districts at times and places to be specified in said rules, which sessions shall
begin at nine o'clock in the forenoon, and to provide for such a rotation of the
justices holding the same as that each justice after holding court in his own
district for one month shall sit in at least five of such other districts, at least
once for a period of one month at a time previous to his return to the district
for which he shall have been elected or appointed, provided that the justices
elected or appointed for any borough shall hold court in such borough, but if a
vacancy exists, or the illness or other inability of any justice assigned to hold
court prevents his attendance, any other justice of said court may hold the
same.   Such rules respecting rotation and the designation of justices, shall be
made on or before the first Monday of December in each year, and shall be
published in the New York Law Journal, and one newspaper published in each
borough at least once before the first day of January following and shall go
into effect on such latter day.

"Sec. 3. Section three hundred and eleven of said act is hereby amended
so as to read as follows:

" 'Sec. 311. An appeal must be taken within twenty days after the entry of
the judgment, order or final order in the docket, except that where a defendant
appeals from a judgment rendered in an action wherein he did not appear and
the summons was not personally served upon him, the appeal may be taken with-
in twenty days after personal service upon him, on the part of the plaintiff, of
written notice of the entry of the judgment.   An appeal is taken by serving
upon the clerk of the court or his successor in office in the district in which
the judgment, order or final order was rendered, and upon the respondent, a
written notice of appeal subscribed either by the appellant or by his attorney in
the appellate court, and paying at the same time the costs and disbursements
of the action to such clerk who shall hold the same to abide the event of
such appeal and the further order of the court in the district from which the
appeal was taken.'

"Sec. 4. This act shall take effect June first, nineteen hundred and four."

The respondent raised the point in the court below, that section 1 of
this amendatory act which took away from defendants the right of re-
moval as it existed in section 3 of the Municipal Court act is uncon-
stitutional, for the reason that it violates article 3, § 16, of the Con-
stitution, which provides that no private or local bill which may be
passed by the Legislature shall embrace more than one subject and that
shall be expressed in the title.   Said section is as follows:

"Sec. 16. Private and local bills not to embrace more than one subject.   No
private or local bill, which may be passed by the Legislature, shall embrace
more than one subject, and that shall be expressed in the title."

The purpose of this section was to make it necessary that the title
be such as to fairly suggest or give a clue to the subject-matter of the bill

(Sweet v. City of Syracuse, 129 N. Y. 331, 27 N. E. 1081, 29 N. E. 289), and to avoid important enactments being smuggled through the Legislature under a modest or unpretending title (People v. McCann, 3 Parker, Cr. R. 299). It was intended "to require an announcement of the subject of every bill, to prevent the fraudulent insertion of provisions upon subjects foreign to that indicated in the title. It was intended that every local subject should stand upon its own merits, and that the title of each bill should indicate the subject of its provisions, so that neither legislators nor the public would be misled or deceived." People ex rel. City of Rochester v. Briggs, 50 N. Y. 558.

In the case of the statute at bar, the title expresses but two amendments therein contained, viz.: (1) With reference to rules of court; (2) with reference to appeals. One seeks in vain in the title for any suggestion of a change about to be made in the law governing the removal of actions. But, while the title refers to but two subjects of amendment, the act by its terms purports to contain three, viz.: (1) Removals of actions from the Municipal Court to the City Court; (2) rules of court; (3) appeals. Section 2 of the act amends section 12 of the Municipal Court act by adding a new subdivision. The original section gives the board of justices of the Municipal Court power to adopt, amend, and add to rules relating to certain subjects, and the amendment limits the making of such rules so as to require rotation upon the part of the justices in the holding of sessions of court. This is the provision as to "rules of court" referred to in the title of the amendment now under consideration. Section 3 of the act under review amends section 311 of the Municipal Court act with reference to appeals, and is the provision as to "appeals" referred to in the title of the said amendment. This leaves the repeal of section 3 of the original act barren of any reference in the title. As has been shown, such section 3 refers only to the removal of causes. The removal of a cause is obviously not an appeal. It is not a rule of court nor is the right of removal conferred by rule of court but by direct statutory enactment.

The conclusion is irresistible, therefore, that in so far as chapter 598, p. 1429, of the Laws of 1904, purports to repeal section 3 of the Municipal Court act, it is unconstitutional and void. The original disposition made by the justice of the Municipal Court was correct, and the order remanding said cause to the Municipal Court is incorrect.

Order reversed, with costs and disbursements. All concur.